IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD GIULIANI, SR., and | : | CIVIL ACTION |
| RICHARD GIULIANI, JR. | : | NO. 10-7518 |
| | : | |
| v. | : | |
| | : | |
| SPRINGFIELD TOWNSHIP et al. | : | |
| | : | |

## MEMORANDUM AND ORDER

Plaintiffs are property owners who claim that defendant Magisterial District Judge William R. Householder Jr., along with defendants Springfield Township, its Board of Commissioners and Zoning Hearing Board, the members thereof, the Township Manager and Township Code Enforcement Officers "are responsible for engaging in an unremitting campaign of harassment and discrimination, spanning the better part of fifteen years, aimed at divesting Plaintiffs of every economically viable use of their property." Compl. ¶ 1. Plaintiffs allege, inter alia, that Householder, who owns an adjoining property, lodged complaints against their property and thereafter "unilaterally issued citations based on his own complaints and conducted the evidentiary hearings and imposed fines, thereby depriving Plaintiffs of an impartial determination of guilt or innocence." Compl. ¶ 3. Plaintiffs also allege that, sometime between their purchase of their property in 1996 and Householder's 1998 election as a District Justice, Householder, then a detective, visited their property while they were cleaning up and asked what they were doing. Compl. ¶¶ 45-49.

In January 2011, Householder filed a motion to dismiss plaintiffs' claims against him.

On March 1, 2011, the other defendants filed a motion to dismiss or in the alternative for summary judgment.  On May 16, 2011, I entered an Order denying both motions without prejudice to their renewal on the existing papers pending pertinent discovery.  Defendant Householder took an appeal from my May 16 Order and on January 4, 2012 the Court of Appeals remanded the case, ordering that the Court "consider whether Appellant Householder is entitled to absolute judicial immunity based on the facts alleged in the complaint."  The Court of Appeals further requested that the Court "address the status of the claims alleged against Householder in his official capacity," noting "that in the District Court, Plaintiffs claimed that the suit raised only individual capacity claims against Householder, despite the statements in the complaint."  The Court of Appeals further ordered that "if official capacity claims are indeed abandoned, the claims should be dismissed."

On January 13, 2012, I issued an Order requiring plaintiffs to file a statement informing the Court as to whether or not they had abandoned their official capacity claims against Householder.  On January 19, 2012, plaintiffs filed a statement with the Court in which they assert "that they have in fact abandoned any official capacity claims that they may have had in this action against Defendant William R. Householder, Jr."  Dkt. No. 41.  Accordingly, I will dismiss plaintiffs' official capacity claims against defendant Householder.

It remains for me to decide whether Householder, sued in his individual capacity, is entitled to absolute judicial immunity.  A judge will be subject to liability only when he has acted in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006), citing Mireles

v. Waco, 502 U.S. 9, 12 (1991); see also Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). Whether an action is "judicial" depends on "whether it is a function normally performed by a judge, and . . . the expectation of the parties, i.e. whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362.

Plaintiffs contend that judicial immunity does not apply to their claims against Householder because "the Complaint emphasizes a concerted pattern of conduct apart from official judicial acts" Dkt. No. 26 at 6. Householder counters that, apart from his alleged visit to plaintiffs' property in the late 1990's, the only other actions that he is alleged in the Complaint to have undertaken were undertaken solely in his role as a judge. I agree with Householder and cannot characterize his role in the issuance of the complained of citations and fines as nonjudicial. Indeed, in their Complaint plaintiffs themselves recognize that Householder "used his position as District Justice" to enable the issuance of the complained of citations and fines. Compl. ¶ 71; see Stump, 435 U.S. at 360 (declining to characterize judge's "approval of [a] petition as a nonjudicial act" where plaintiffs "themselves stated in their pleadings before the District Court that Judge Stump was 'clothed with the authority of the state' at the time that he approved the petition and that 'he was acting as a county circuit court judge'"). To the extent that plaintiffs claim that Householder should have recused himself from handling any matters involving their property, Householder's decision not to recuse himself is also protected by the doctrine of absolute judicial immunity. See Corliss v. O'Brien, 200 Fed. App'x 80, 83 (3d Cir.

2006) ("[A] judge's decision not to recuse himself from a case in which he holds a personal interest is itself an exercise of judicial authority protected by the doctrine of absolute immunity."). Judicial immunity applies to bar plaintiffs' claims against Householder with respect to his participation in the issuance of citations and fines against them even if, as alleged by plaintiffs, the proximity of Householder's own residence caused him to hold a bias against industrial activity on plaintiffs' property. Compl. ¶ 71. "The doctrine holds that judges with bad intentions, as well as those with good intentions, are immune from suit." Wallace v. Powell, No. 09-286, 2009 WL 4051974, at *9-10 (M.D. Pa. Nov. 20, 2009)  I will grant Householder's motion to dismiss to the extent that it seeks to dismiss plaintiffs' claims relevant to the citations and fines issued against them.

Finally, although the protection of judicial immunity does not extend to cover the only non-judicial act alleged against Householder, his alleged visit to plaintiffs' property, I find that any claims based on this event alone are subject to dismissal for failure to state a claim pursuant to Rule 12(b)(6). "To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009). That Householder made an unannounced visit to plaintiffs' property and asked "what they were doing," more than 12 years prior to the filing of plaintiffs' Complaint, Compl. ¶¶ 46-48, is not enough to support plaintiffs' claims that their rights have been violated under the Fifth and Fourteenth Amendments, that Householder participated in a conspiracy to violate their constitutional rights or that he is liable for tortious interference under Pennsylvania law. "Where

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

AND NOW, this 24th day of January, 2012, it is ORDERED that the motion to dismiss filed by Defendant Magisterial District Judge William R. Householder, Jr. is GRANTED and plaintiffs' complaint against him is DISMISSED.

It is FURTHER ORDERED that the parties shall promptly notify the Clerk of the United States Court of Appeals for the Third Circuit that the District Court has entered an Order dismissing plaintiffs' claims against defendant Householder.

                                              *s/Thomas N. O'Neill, Jr.*
                                              THOMAS N. O'NEILL, JR., J.