IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD GIULIANI, SR. and : <br> RICHARD GIULIANI, JR. : <br> : CIVIL ACTION <br> v. : NO. 10-7518 <br> SPRINGFIELD TOWNSHIP, et al. : | |

O'NEILL, J.  April 18, 2017

## MEMORANDUM

This case involves a longstanding dispute concerning the use of a 5.29-acre property located at 50 Oreland Mill Road in Springfield Township, Pennsylvania. On February 27, 2017, I granted summary judgment in favor of defendants on all of plaintiffs' claims. Defendants now seek to compel plaintiffs to pay expert witness deposition fees pursuant to Federal Rule of Civil Procedure 26(b)(4)(A). I will grant the motion, but limit the total amount of recoverable costs and fees to $3056.25.

## FACTUAL BACKGROUND

Plaintiffs initiated the current action against defendants pursuant to 42 U.S.C. § 1983, alleging violations of their due process and equal protection rights, as well as a state law claim of tortious interference with contractual relations. In the course of discovery, defendants retained Charles L. Guttenplan, an expert in land use planning, zoning, land development and related municipal practices, to testify as to defendants' liability. Additionally, they retained John J. Coyle III, an expert in real estate appraisal, leases and the calculation of fair market price for industrial property rentals, to testify as to damages. On February 18, 2015, both experts issued expert reports.

Pursuant to the scheduling order, plaintiffs noticed the depositions of both experts. Plaintiffs took Mr. Guttenplan's deposition on April 17, 2015, following which he invoiced defense counsel for his fees and costs, at a rate of $150.00 per hour, as follows:

| | | |
|---|---|---|
| 4.08.15 | Review expert report | 0.50 hr. |
| 4.09.15 | Meeting with H. Mahoney, Esq. | 1.75 hr. |
| 4.11.15 | Review documents | 4.00 hr. |
| 4.12.15 | Review documents | 4.75 hr. |
| 4.13.15 | Review documents | 0.75 hr. |
| 4.14.15 | Review documents | 0.50 hr. |
| 4.16.15 | Review documents; meeting prep | 2.50 hr. |
| 4.17.15 | Travel; attend deposition | 6.75 hr. |
| **Total Time Charges** | | **21.50 hrs. @ $150/hr. = $3,225.00** |

Defs.' Mot. Expert Dep. Fees, Ex. A. In addition, Mr. Guttenplan billed $13.00 for train fare and $1.00 for parking. Id. On May 12, 2015, plaintiffs took Mr. Coyle's deposition, after which he invoiced defense counsel for his fees and costs, at a rate of $300 per hour, as follows:

| | |
|---|---|
| One hour of preparation @$300/Hour | 300.00 |
| Five hours of testimony @$300/Hour | 1,500.00 |
| **Total Due:** | 1,800.00 |

Id., Ex. B.

Defendants forwarded these invoices to plaintiffs for payment under Federal Rule of Civil Procedure 26(b)(4)(E). By way of letters dated May 11, 2015 and May 27, 2015, plaintiffs argued that although expert discovery costs are generally recoverable by defendants, the amounts sought by the two experts were excessive. Defs.' Mot. Expert Dep. Fees, Ex. C & D. Plaintiffs offered compromises of $1,495.25 for Mr. Guttenplan and $1,380.00 for Mr. Coyle. Id. Defendants did not respond to either letter. On March 10, 2017, twenty-two months later and after the grant of summary judgment, defendants filed the present motion. Dkt. No. 97. On March 24, 2017, plaintiffs responded. Dkt. No. 99.

# DISCUSSION

## I. Defendants' Failure to Comply With Local Rule 26.1(f)

Before reaching the merits of defendants' motion, I must address plaintiffs' claim that defendants' motion should be denied for failure to comply with Local Rule 26.1(f). For purposes of this motion only, I will excuse the Rule 26.1 requirement.

The Eastern District of Pennsylvania's Local Rule 26.1(f) states: "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Loc. R. Civ. P. 26.1(f). Rule 26.1(f) "imposes a substantial obligation on counsel to resolve discovery problems before bringing them to the attention of the court." DiSantis v. Kool Vent Aluminum Prods., Inc., No. 97-5434, 1998 WL 472753, at *1 (E.D. Pa. Aug. 12, 1998) (denying discovery motion for failure to comply with Rule 26.1(f)). To file a motion, "[t]here must exist such serious differences between counsel that further efforts of negotiation are pointless." Id., citing Crown Cork & Seal Co. v. Chemed Corp., 101 F.R.D. 105, 106–07 (E.D. Pa. 1984). "This rule is not merely a formalistic requirement developed by this court to increase the volume of each discovery motion filed. It was intended to reduce the unnecessary burden on the court and added expense to the parties caused by the expectation that the court would interject itself in minor pretrial skirmishes." Crown Cork & Seal, 101 F.R.D. at 106. Nonetheless, if warranted, a court may, in its discretion, excuse a certification requirement and address the merits of a discovery motion. See Get-a-Grip, II, Inc. v. Hornell Brewing Co., Inc., No. 99-1332, 1999 WL 1285825, at *1 (E.D. Pa. Dec. 21, 1999); Lane v. ABS a/k/a Advanced Building Systems, Inc., No. 98-1516, 1999 WL 820196, at *1 n.1 (E.D. Pa. Sept. 30, 1999).

In this case, defendants failed to file any certification averring that they made reasonable efforts to resolve the present dispute. While this failure is contrary to the spirit of the Local Rules, I will nonetheless excuse defendants' certification requirement and proceed to the merits of the motion for several reasons. First and foremost, it is not entirely clear that the certification requirement applies to a request for expert deposition fees under Rule 26(b)(4)(E). Although the language of Local Rule 26.1(f) makes it applicable to any "motion or application . . . pursuant to this rule," plaintiffs do not cite, and I cannot find, any case that has applied this Rule to a request for expert fees. Accordingly, defendants could have reasonably believed that such a certification was not required. Second, defense counsel made some—albeit limited—effort to resolve this case. After each of the expert depositions, defense counsel sent the experts' bills to plaintiff's counsel requesting reimbursement. Plaintiffs provided detailed responses, offered a compromise on the amounts owed and remarked that they did not "believe it will be economical for either side to litigate these questions before the Court." Defs.' Mot. Expert Dep. Fees, Ex. C & D. Although defense counsel did not respond to these offers, defendants argue that they believed plaintiffs were attempting to force them to capitulate to avoid a threat of a contest on the relatively small claims. Defs.' Mem. Supp. Expert Dep. Fees 4; see Gardella v. Proex Int'l, Inc., No. 06-1821, 2007 WL 710289, at *2 (E.D. Pa. Mar. 5, 2007) (excusing the Rule 2.1 requirement where although defendants did not "technically comply" with Rule 26.1, any effort to resolve the dispute would have been futile). Finally, even if I were to enforce the certification rule in this matter, I would simply dismiss the motion without prejudice to defendants re-filing upon complying with the Local Rule 26.1(f) mandate. As this matter is easily resolved here, I will not require that a certification be filed.[1]

---

[1] The parties should not construe this ruling to de-value the certification rule in any respect.

**II.    Amount of Expert Fee Recoverable**

Rule 26(b)(4)(E) states that "[u]nless manifest injustice will result, the court must require that the party seeking discovery . . . (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E)(i). This rule is mandatory, subject only to two caveats: (1) manifest injustice must not result from enforcement of the rule and (2) the fees sought must be "reasonable." Ndubizu v. Drexel Univ., No. 07-3068, 2011 WL 6046816, at *1 (E.D. Pa. Nov. 16, 2011), report and recommendation adopted, 2011 WL 6058009 (E.D. Pa. Dec. 6, 2011). The party seeking reimbursement bears the burden of showing that the requested fees and expenses are reasonable. Id., citing Packer v. SN Servicing Corp., 243 F.R.D. 39, 42 (D. Conn. 2007); Fiber Optic Designs, Inc. v. New England Pottery, LLC, 262 F.R.D. 586, 589 (D. Colo. 2009).

As described in more detail above, defendants request a total of $5,025 representing the costs incurred as a result of plaintiffs' depositions of defendants' two experts. Plaintiffs now challenge multiple portions of these bills as not "reasonable" within the rule. I consider each of these challenges separately.

**A.    Deposition Time**

Plaintiffs do not dispute the well-established principle that deposition time is compensable under Rule 26(b)(4)(E). Fisher v. Accor Hotels, Inc., No. 02-8576, 2004 73727, at *1 (E.D. Pa. Jan. 12, 2004). Rather, they challenge only the amounts billed by the experts for deposition time. Specifically, Mr. Guttenplan billed 6.75 hours for "Travel; attend deposition." Defs.' Mot. Expert Dep. Fees, Ex. A. The deposition transcript reflects that Mr. Guttenplan's deposition actually spanned from 10:07 a.m. to 12:57 p.m.—just under three hours—meaning

---

My decision is based solely on and applicable only to the facts at issue before me.

that the remaining 3.75 hours in this entry are attributable to travel, which I address further below. Pls.' Resp. Mot. Expert Dep. Fees, Ex. A. For the present purposes, however, I will permit defendants to recover for three hours of Mr. Guttenplan's deposition time, at a rate of $150 per hour, [2] for a total of $450.

Mr. Coyle billed for "five hours of testimony" at a rate of $300 per hour. According to his deposition transcript, however, his deposition began at 10:01 a.m. and finished at 1:36 p.m., for a total of approximately three and a half hours. Id., Ex. B.[3] Therefore, I find that defendants may recover for three and a half hours of deposition testimony, at a rate of $300 per hour, for a total of $1,050.

**B.  Travel Time**

Plaintiff's second challenge to the bills concerns travel time.[4] Travel time is generally compensable as "time spent in responding to discovery." Ndubizu, 2011 WL 6046816, at *3; Rock River Commc'ns, Inc. v. Universal Music Grp., 276 F.R.D. 633, 637 (C.D. Cal. 2011) ("Requiring the deposing party to pay for expert's travel time encourages deposing party to correctly weigh overall cost and inconvenience of deposition, (including expense of travel by the expert and both parties' counsel), and to best determine whether, and if so, where, to take deposition."); Lent v. Fashion Mall Partners, L.P., 223 F.R.D. 317, 318 (S.D.N.Y. 2004) (finding that "reasonable fee includes travel expenses and travel time of expert). Multiple courts,

---

[2]  Notably, plaintiffs do not challenge the rate charged by either of the experts for their time. Accordingly, I accept these rates as reasonable.

[3]  Although Mr. Coyle did not specify what precisely was done in the remaining hour and a half, defendants have represented that this line item included his travel from Media, Pennsylvania. Defs.' Mem. Supp. Mot. Expert Fees 4.

[4]  Plaintiffs do not challenge Mr. Guttenplan's travel expenses of $14.00. "Travel expenses are . . . reimbursable under Rule 26(b)(4)(E)." Ndubizu, 2011 WL 6046816, at *3, citing Feliciano v. Cnty. of Suffolk, 246 F.R.D. 134,, 137 (E.D.N.Y. 2007).

6

however, have "place[d] limits on compensable travel time to ensure reasonableness by reducing the rates charged by experts for it," usually by one-half. Ndubizu, 2011 WL 6046816, at *3; see, e.g., U.S. ex rel. Liotine v. CDW-Govt., Inc., No. 05-33, 2012 WL 1252982, at *3 (S.D. Ill. Apr. 13, 2012); U.S. v. 1.604 Acres of Land, 275 F.R.D. 234, 236 (E.D. Va. 2011); Mannarino v. United States, 218 F.R.D. 372, 377 (E.D.N.Y. 2003); but see Nester v. Tetron, Inc., No. 13-920, 2016 WL 6537991, at *4 (W.D. Tex. Nov. 3, 2016) ("[I]t is reasonable that an expert may charge the same amount for both travel time and other work because if the expert was not traveling, he or she might be able to bill their full rate on other work.").

Adopting this majority approach, I will reduce the experts' hourly rate for travel time by one-half. As set forth above, approximately 3.75 hours of Mr. Guttenplan's billed time is attributable to travel. Although he billed his normal rate of $150 per hour for that time, I will allow recovery of that time at a rate of $75 per hour. Approximately 1.5 hours of Mr. Coyle's billed time is attributable to travel, for which he charged his normal rate of $300 per hour. I will also reduce that rate by one-half to allow recovery of that time at $150 per hour. Accordingly, defendants may recover a total of $506.25 for travel time for both experts.

**C.     Time Meeting With Retaining Counsel Prior to Deposition**

Plaintiffs also claim that they need not reimburse defendants for the experts' time spent meeting with defense counsel. Courts have recognized that "the deposing party should not have to pay for the expert's time that is used for other purposes, such as trial preparation, education of the retaining party's attorney, or instruction to the expert about how to handle questioning by opposing counsel." Script Security Solutions, LLC v. Amazon.com, Inc., No. 15-1030, 2016 WL 6649721, at *7 (E.D. Tex. Nov. 10, 2016). Such activities "afford no benefit to the deposing party and thus do not fall within the rationale of the Rule 26(b)(4)(E) for shifting the cost of the

expert's time." Id.; see also Nnodimele v. City of New York, No. 13-3461, 2015 WL 4461008, at *3 (E.D.N.Y. July 21, 2015). To that end, courts have held that "while an expert may consult with retaining counsel to prepare for a deposition, the deposing party should not be compelled to pay for this time." Ndubizu, 2011 WL 6046816, at *3; see also All Cities Realty, Inc. v. CF Real Estate Loans, Inc., No. 05-615, 2008 WL 10594412, at *6 (C.D. Cal. Mar. 14, 2008) ("[T]he Court will not reimburse fees for the experts' time spent in conference with counsel prior to the depositions."); Waters v. City of Chicago, 526 F. Supp. 2d 899, 901 (N.D. Ill. 2007) (eliminating from expert fee time spent in conversation with retaining counsel as "trial preparation").

Accordingly, I must again reduce the recoverable fee for Mr. Guttenplan. His bill reveals that he spent 1.75 hours meeting with H. Mahoney, Esq. Such a meeting is more akin to trial preparation and education of defense counsel than to "responding to discovery." Therefore, I will deduct $262.50 (1.75 hours x $150 per hour) from the requested amount due for Mr. Guttenplan.

### D. Preparation Fees

The last, and perhaps most controversial, category of expenses challenged by plaintiffs concerns the experts' preparation time. Plaintiffs contend that, under Rule 26(b)(4)(E), they are not responsible for any such preparation time incurred by the experts. While I disagree and find that preparation time is indeed compensable under the Rule, I will nevertheless reduce the amount of the recoverable fee.

Whether preparation time is properly reimbursable under Rule 26(b)(4)(E) as "time spent in responding to discovery" has been the subject of substantial litigation. The Court of Appeals has not affirmatively ruled on this issue, but there is persuasive authority both from within this circuit and from other jurisdictions. A substantial majority of the courts that have considered the
8

issue have held that fees for a reasonable amount of deposition preparation time are properly chargeable to the party seeking discovery. See, e.g., Ndubizu, 2011 WL 6046816, at *2; AP Links, LLC v. Russ, No. 09-5437, 2015 WL 9050298, at *2 (E.D.N.Y. Dec. 15, 2015); Rhodes v. Lazy Flamingo 2, Inc., No. 2:14- 561, 2015 WL 6083535, at *2 (M.D. Fla. Oct. 15, 2015) (citing cases); LK Nutrition, LLC v. Premier Research Labs, L.P., No. 12-7905, 2015 WL 4466632, at *2 (N.D. Ill. July 21, 2015) (citing numerous cases); Thomas v. Carmeuse Lime & Stone, Inc., No. 12-413, 2015 WL 11004540, at *1 (W.D. Va. Jan. 16, 2015); Johnson v. State Farm Fire & Cas. Co., No. 12-534, 2013 WL 4804297, at *1 (S.D. Ala. Sept. 9, 2013); Burgess v. Fischer, 283 F.R.D. 372, 373 (S.D. Ohio 2012); Barnes v. District of Columbia, 274 F.R.D. 314, 318 (D.D.C. 2011); Advanced Telemedia, L.L.C. v. Charter Commc'ns, Inc., No. 105-2662, 2006 WL 3422669, at *14 (N.D. Ga. Nov. 27, 2006).

On the other hand, a minority of courts "have expressed particular concern about the 'great risk of abuse in compensating a party for his expert's deposition preparation time, since that time usually includes much of what ultimately is trial preparation work' for the retaining party." Ndubizu, 2011 WL 6046816, at *2, quoting Packer, 243 F.R.D. at 42 (internal quotations omitted). These courts have refused to shift the cost of an expert's deposition preparation to the party seeking the discovery. See, e.g., Dunkin v. Paccar, Inc., No. 10-2013, 2012 WL 12887769, at *4 (D.N.J. Dec. 28, 2012) (finding that "requiring a party to reimburse a producing party for preparation time would in actuality compensate the producing party for what might effectively amount to trial preparation"), aff'd, 2013 WL 5466930 (D.N.J. Sept. 30, 2013); Fisher v. Accor Hotels, No. 02-8576, 2004 WL 73727, at *1–2 (E.D. Pa. Jan. 12, 2004) (declining to include preparation fees in calculation where there was no showing that the issues in the case were complex, the expert report was lengthy or a considerable lapse occurred between expert's work

9

and deposition); M.T. McBrian v. Liebert Corp., 173 F.R.D. 491, 493 (N.D. Ill. 1997) (refusing to including preparation time in "reasonable fee" calculation since case was not complex and there was no considerable lapse of time between expert's work and deposition); Benjamin v. Gloz, 130 F.R.D. 455, 457 (D. Colo. 1990) (determining that party not required to pay expert for preparation time).

Following the weight of the authority, I adopt the majority view and find that preparation time is properly reimbursable under Rule 26(b)(4)(E) as "time spent in responding to discovery," particularly where the preparation consists of "the expert's review of his or her report and voluminous record materials pertinent to the expert's expected testimony." Script Sec. Sols., LLC v. Amazon.com, Inc., No. 15-1030, 2016 WL 6649721, at *6–7 (E.D. Tex. Nov. 10, 2016). Preparation remains in both the deposing and retaining parties' interests, given the expectation that "good preparation will lead to a more efficient deposition." Cabana v. Forcier, 200 F.R.D. 9, 16 (D. Mass. 2001). Nonetheless, some limitation must exist on preparation fees to prevent the shifting of fees to the deposing party for the retaining party's trial preparation work. Ndubizu, 2011 WL 6046816, at *2. "[S]ome limitation upon the reimbursement of preparation time takes into account the need for the expenditure of such time where (1) the report, issues, or records are complex or lengthy; or (2) there has been a 'considerable lapse' of time between the completion of the expert report and the deposition." Id.

Applying such principles to the present case, I conclude that some of the experts' preparation time is compensable under Rule 26(b)(4)(E). Mr. Coyle billed for only one hour of preparation time for a three and a half hour deposition. Plaintiffs offer no specific objection to this period of time and I find it reasonable. Therefore, I will order that plaintiffs compensate defendants for Coyle's billed preparation time.

Mr. Guttenplan, on the other hand, billed for thirteen hours of preparation time for a three-hour deposition. Defendants cursorily argue that such hours are reasonable in light of the complex zoning, subdivision and land development ordinances, as well as the many deposition transcripts, he had to review to arrive at his report findings and prepare for his deposition. This argument is unconvincing for several reasons. First, Mr. Guttenplan had to review these documents in order to draft his report, not as preparation for his deposition. Second, his report consisted of only nine substantive pages and focused on land use requirements, issues that lack the complexity of many other areas of expert testimony. Third, Mr. Guttenplan's report was issued only two months prior to his deposition, meaning there was no "considerable lapse" of time that should have required extensive efforts to refresh his recollection. Fourth, the deposition spanned only three hours, yet he billed for more than four times that in preparation. Finally, despite seeking $1,950 in compensation for his preparation time, Mr. Guttenplan included no details as to how precisely he spent these thirteen hours. I find that for a three-hour deposition related to a nine-page report issued only two months prior, a total of five hours of preparation time should have been more than sufficient.[5] Therefore, I will order that plaintiffs reimburse Mr. Guttenplan for a total of $750 in preparation fees.

---

[5] "[M]any courts have limited the recovery to preparation time that does not exceed the amount of deposition time, and most have declined to require payment for preparation time when the ratio of preparation time to deposition time exceeds three to one." Script Security Solutions, 2016 WL 6649721, at *6 (citing cases).

11

**CONCLUSION**

In light of the foregoing, I will grant defendants' motion and compel plaintiffs to pay expert deposition fees under Rule 26(b)(4)(E). I will, however, substantially reduce the amount requested for the two experts as follows:

**Charles Guttenplan**

| Type of expense | Time requested | Time permitted | Total cost |
| --- | --- | --- | --- |
| Deposition | 3 hours | 3 hours | 3 hrs x $150/hr = $450 |
| Travel | 3.75 hours | 3.75 hours | 3.75 hrs x $75/hr = $281.25 |
| Meeting with Counsel | 1.75 hours | 0 | 0 |
| Preparation | 13 hours | 5 hours | $750 |
| Total amount due | | | $1481.25[6] |

$1481.25 + $14 train fare and parking = **$1495.25**

---

[6] Plaintiffs assert that they filed a Daubert motion against Mr. Guttenplan, which was never decided in light of the grant of summary judgment in defendants' favor. They reason that had the motion been ruled upon, Mr. Guttenplan's testimony would likely have been stricken in its entirety, or severely limited as unreliable under Federal Rule of Evidence 702. Based on this speculation, they conclude that it would be unreasonable to force plaintiffs to pay Mr. Guttenplan's invoice.

This argument is misplaced. In the case cited by plaintiffs in support of their argument, Rogers v. Penland, 232 F.R.D. 581 (E.D. Tex 2005), the court actually conducted a Daubert hearing and ruled that the expert's testimony was not admissible, causing the court to deny a request for expert deposition fees. Id. at 583. By contrast in this case, this case did not proceed to trial, but rather was decided in favor of defendants on a motion for summary judgment. Therefore, I never even ruled on the Daubert motion, let alone found Mr. Guttenplan's testimony inadmissible.

**John J. Coyle, III**

| Type of expense | Time requested | Time permitted | Total cost |
|---|---|---|---|
| Deposition | 3.5 hours | 3.5 hours | 3.5 hrs x $300/hr = $1050 |
| Travel | 1.5 hours | 1.5 hours | 1.5 hrs x $150/hr = $225 |
| Preparation | 1 hour | 1 hour | $300 |
| Total amount due | | | **$1575** |

Based on these calculations, I will order that plaintiffs pay the defendants the sum of $3,056.25 as reimbursement for the expert witness deposition fees of Charles L. Guttenplan and John J. Coyle, III.

An appropriate Order follows.